# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
# CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE** **2. PLEASE TYPE OR PRINT** **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Nicolas Asfouri, Plaintiff-Appellant, -against- Getty Images (US), Inc., Defendant-Appellee. | S.D.N.Y. | Hon. Denise L. Cote |
| | Date the Order or Judgment Appealed from was Entered on the Docket: September 30, 2026 | District Court Docket No.: 26-cv-632 |
| | Date the Notice of Appeal was Filed: October 1, 2026 | Is this a Cross Appeal? ☐ Yes ☑ No |

| | Counsel's Name: Address: Telephone No.: Fax No.: E-mail: |
|---|---|
| **Attorney(s) for Appellant(s):** ☑ Plaintiff ☐ Defendant | William Dunnegan, 437 Madison Avenue, 24th Floor, New York, NY 10022<br>(212) 332-8300 \| (212) 332-8301 \| wd@dunnegan.com |
| **Attorney(s) for Appellee(s):** ☐ Plaintiff ☑ Defendant | Nancy E. Wolff, Esq., 60 Broad Street, 30th Floor, New York, NY 10004<br>(212) 497-0940 \| nwolff@cdas.com |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☑ Yes ☐ No |
|---|---|---|---|
| Yes | 11 | 0 | If Yes, provide the following:<br>Case Name: Nicolas Asfouri v. Getty Images (US), Inc.<br>2d Cir. Docket No.: 26-2275-cv<br>Reporter Citation: (i.e., F.3d or Fed. App.) |

***ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

## PART A: JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| ☐ U.S. a party | ☐ Diversity | ☑ Final Decision | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☑ Federal question (U.S. not a party) | ☐ Other (specify): ______ | ☐ Interlocutory Decision Appealable As of Right | ☐ Other (specify): ______ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

1. Stage of Proceedings

- [x] Pre-trial
- [ ] During trial
- [ ] After trial

The order appealed from is pre-trial and post-dismissal.

2. Type of Judgment/Order Appealed

- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [x] Other (specify): Attorneys' Fees

3. Relief

- [x] Damages:
  - [x] Sought: $ 127,913
  - [x] Granted: $127,913
  - [ ] Denied: $ ______
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

**PART C: NATURE OF SUIT (Check as many as apply)**

1. Federal Statutes

- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): ____________
- [ ] Communications
- [ ] Consumer Protection
- [x] Copyright ☐ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

2. Torts

- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

3. Contracts

- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

4. Prisoner Petitions

- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

5. Other

- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): ________________
- [ ] Other (specify): ________________

6. General

- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [x] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

7. Will appeal raise constitutional issue(s)?

- [ ] Yes
- [x] No

Will appeal raise a matter of first impression?

- [ ] Yes
- [x] No

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: ______________________________ [x] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   - (A) Arises from substantially the same case or controversy as this appeal? [x] Yes [ ] No
   - (B) Involves an issue that is substantially similar or related to an issue in this appeal? [x] Yes [ ] No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Asfouri v. Getty Images (US), Inc. | 26-2275-cv | | Second Circuit Court of Appeals |

Name of Appellant: Nicolas Asfouri

Date: October 6, 2026

Signature of Counsel of Record: s/William Dunnegan

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

## Addendum A

### (1) Brief Description of the Nature of the Action

Asfouri brought this action because Getty has (i) infringed 9,953 of Asfouri's registered copyrights in his photographs, in violation of 17 U.S.C. § 501, and (ii) provided false copyright management information in connection with those registered copyrights and an additional 2,469 of Asfouri's unregistered copyrights in his photographs, in violation of 17 U.S.C. § 1202(a).

The district court dismissed the action on the ground that Asfouri assigned the copyrights that are the subject of this action for the full duration of their copyright term, as a matter of law, pursuant to Paragraph 8 of a Thailand Employment Agreement, signed on March 19, 2008. But, Asfouri contends that – when Paragraph 8 is read in the context of Paragraphs 1, 15 and 5 of that agreement – the most reasonable construction, and certainly a plausible construction, is that the assignment of the copyrights in Paragraph 8 lasted only for the duration of the agreement, and not for the full duration of the copyright term.

- Paragraph 1 provides that the employment agreement lasts for two years.
- Paragraph 15 provides that the obligations in the agreement end with the termination of the agreement, unless otherwise specified.
- Paragraph 5 concerning confidentiality is the only obligation that continues after the termination of the of the agreement, as it expressly provides "This restriction shall continue to apply after the termination of this agreement without limit in point of time."
- Paragraph 8 contains no comparable provision to this sentence in paragraph 5, but states "[t]his agreement operates as a complete assignment…"

See the attached four highlighted pages of the agreement.

**Accordingly, Paragraph 15 is the "temporal limitation" – that the district court found missing in Paragraph 8 – which limits the assignment in Paragraph 8 to the two-year term of the agreement.**

The Thailand Employment Agreement was renewed, but terminated at least when the parties signed a subsequent agreement for employment in China, which expressly provided "1.3 This employment contract cancels and replaces any other prior employment contract signed between AFP and the Employee."

If that argument does not prevail, Asfouri should still be allowed to prove that the Thailand Employment Agreement was "void" because (i) it resulted from fraud in the execution, *Hetchkop v. Woodlawn at Grassmere, Inc.*, 116 F.3d 28, 32 (2d Cir. 1997), and (ii) it was illegal under the Thailand wage and hour laws, specifically Section 90 of the Thailand Labor Protection Act of 1998, because it resulted in Asfouri paying his employer to work for his employer, and was therefore void under Section 150 of the Thailand Commercial and Civil Code.

That decision is the subject of Asfouri's original appeal to this Court, docketed as 26-2275. Asfouri filed his brief and appendix on September 10, 2026. (26-2275, Dkts. 25 and 26)

After the dismissal, Getty moved for an award of attorneys' fees pursuant to Fed. R. Civ. P. 11 and 17 U.S.C. § 505, and the imposition of a bond in the amount of $75,000 pursuant to Fed. R. App. P. 7.

**(2) <u>The Result Below</u>**

The district court awarded Getty $127,913.00 in attorneys' fees (i) pursuant to Fed. R. Civ. P. 11 (against William Dunnegan and Dunnegan & Scileppi LLC, counsel for Asfouri) and (ii) pursuant to 17 U.S.C. § 505 (against Asfouri), with those amounts imposed jointly and severally, and imposed a $25,000 a bond on Asfouri pursuant to FRAP 7.

**(3) <u>Notice of Appeal and Docket Sheet</u>**

A copy of the notice of appeal and current docket sheet are attached.

**(4) <u>The Relevant Opinion</u>**

A copy of the district court's decision and order entered September 30, 2026, is attached. A copy of the district court's subsequent order on October 2, 2026, clarifying that Getty was entitled to no more than $127,913.00, is also attached.

AN AGREEMENT between AGENCE FRANCE PRESSE, an organization registered under the Laws of the Republic of France and having its regional headquarters for Asia Pacific in Hong Kong at 6201 Central Plaza, 18 Harbour Road, Wanchai, Hong Kong (hereinafter called "AFP") of the one part and Nicolas Asfouri (hereinafter called Mr. Asfouri) of the other part.

WHEREBY IT IS AGREED as follows:

1 AFP shall employ Mr. Asfouri and Mr. Asfouri shall serve AFP as photo coordinator for Thailand, Cambodia and Myanmar, based in Bangkok, Thailand, for a period of two years commencing the 1st of April 2008. This contract shall be deemed automatically renewed from year to year for successive periods of one year each but subject to three months' prior written notice at any time from either party to the other to terminate the same. The total length of this agreement shall not exceed five years except written agreement given by AFP. Mr. Asfouri will work under the day-to-day supervision of the AFP Bangkok Bureau Chief and Photo Director for Asia Pacific.

2 As AFP Photo coordinator Mr. Asfouri shall:

(a) Faithfully and diligently undertake such duties and exercise such powers in relation to AFP and its business as AFP shall from time to time assign to or vest in him,

(b) Devote the whole of his time and attention and skill to the discharge of his duties hereunder,

(c) Not be entitled to receive any remuneration for work performed outside his normal hours,

(d) Keep proper accounts and records of all moneys received and laid out by him in connection with his duties as aforesaid,

(e) Render to AFP in a form approved by AFP such reports and accounts relating to his duties as aforesaid as AFP shall require.

3 A description of the tasks and responsibilities of Mr. Asfouri's position is attached (Annex A). The job description is not intended to be an absolute document rather it is intended to act as a general guide to performance and expectation. At all times, Mr. Asfouri is expected to adopt a positive and cooperative attitude to the requirements of AFP and to assist in any manner that benefits AFP and its customers. It is acknowledged that AFP's evolving business needs or emphasis may require the duties to be varied from time to time. Such variation will not in itself be deemed to be a variation or breach of the terms of this agreement provided that the nature of the position remains substantially similar.

4 For the duration of his appointment Mr. Asfouri shall not, except with the prior written consent of AFP, be engaged, concerned or interested in any way in any trade, business or occupation whatsoever other than the business of AFP or such other business as AFP may decide.



NA

5 Mr. Asfouri shall not except as authorized or required by his duties hereunder reveal to any person or persons, or company any of the sources of information, secret or confidential operations or dealings or any information concerning the organization, business, finances, transaction or affairs of AFP or any of its subsidiary or associated companies which may come to his knowledge during his employment hereunder and shall keep with complete secrecy all confidential information entrusted to him and shall not use or attempt to use any such information in any manner which may injure or cause loss either directly or indirectly to AFP or its business or may be likely so to do. This restriction shall continue to apply after the termination of this agreement without limit in point of time but shall cease to apply to information or knowledge which may come into the public domain.

6 Mr. Asfouri shall not during the continuance of this Agreement make, otherwise than for the benefit of AFP, any notes or memoranda relating to any matter within the scope of the business of AFP or concerning any of its earnings or affairs, nor shall he either during the continuance of this Agreement or afterwards use or permit to be used any such notes and, without being limited thereto, all lists, accounts, schedules, correspondence, files and other documents, papers and property belonging to AFP, or to any holding, subsidiary or associated company, firm or person of AFP or any of its or their clients or customers or which may have come into his possession during the course of his appointment, shall be the property of AFP and shall be handed over by him to AFP from time to time, on request, and in any event immediately upon termination of his appointment with AFP on whatever grounds and/or for whatever reasons and he shall not retain any copies thereof.

7 The normal working week is five days. Mr. Asfouri acknowledges that the nature of his work requires a high degree of availability and flexibility in terms of working hours based on the needs of AFP. Mr. Asfouri may, in no event, claim additional payment for overtime and acknowledge AFP's business as a World News Agency, working around the clock in every part of the World, every day of the year, without any interruption. It is fully understood by the parties that Mr. Asfouri might have to perform, in some cases, his work partially or wholly during the night.

8 AFP is free to use all negatives, photographs or their derivative works in any way it sees fit in any and all media and manner. This agreement operates as a complete assignment of any and all Copyrights, Trademarks, and any other Intellectual Property Rights, or claims of ownership that Mr. Asfouri has over the negatives, photographs, or other derivative works of any kind, (whether taken by Mr. Asfouri for AFP in the future or in the past, and made by any method or technology known or invented hereafter). This agreement is meant to be interpreted in the broadest manner possible granting AFP the broadest possible rights.

9 (a) Mr. Asfouri shall receive by way of monthly remuneration a basic salary of THB 85,000 in Bangkok and USD 900 in Hong Kong, such remuneration to accrue on a day-to-day basis and be payable in arrears on the last day of each month of the term thereof on a twelve (12) months basis.

(b) Mr. Asfouri shall also be paid an annual bonus amounting to one month's basic salary per annum or proportionate part thereof.



NA

10 Mr. Asfouri shall be responsible for his income tax whilst he is based in Thailand. However, a provisional income tax will be deducted from Mr. Asfouri monthly salary and deposited with the relevant Thai authorities.

11 AFP shall provide Mr. Asfouri with adequate insurance coverage in accordance with such planned group medical insurance scheme of AFP as is in effect from time to time. Mr. Asfouri will also remain enrolled in "La Mondiale" Provident Fund or can opt for AFP Hong Kong provident Fund. Employee's contribution for both medical and provident fund will be deducted from Mr. Asfouri's monthly salary on a twelve months basis.

12 One-way economy excursion airfare Lisbon to Bangkok for Mr. Asfouri and up to two weeks' hotel room upon arrival will be paid by AFP. AFP further agrees to pay the actual cost of Mr. Asfouri's removal expenses from Lisbon to Bangkok but to a maximum of USD 4.000 (insurance inclusive). Mr. Asfouri further agrees that removal, custom, airfare and hotel expenses if any would be reimbursable to AFP should Mr. Asfouri resign from AFP within 12 months.

13 Mr. Asfouri shall be entitled to a 22 working days paid holiday every year for the duration of his appointment to be enjoyed at such time or times as shall be decided by AFP. In principle, entitled vacation days must be taken before December 31st each year, but if Mr. Asfouri cannot enjoy his vacation days within the year, due to various reasons, Mr. Asfouri can only bring forward a maximum of 10 working days, equivalent to 2 weeks to the following year.

14 This Agreement may be terminated forthwith by AFP without prior notice if Mr. Asfouri shall at any time:
- (a) Commit any serious or persistent breach of any of the provisions herein contained,
- (b) Be guilty of any grave misconduct or willful neglect in the discharge of his duties hereunder,
- (c) Be convicted of any criminal offence other than an offence which in the opinion of AFP does not affect his position as employee of AFP,
- (d) Has behaved in a way which in the opinion of AFP brings or shall bring himself or AFP or any holding subsidiary or associated company firm or person of AFP into disrepute.

15 The expiration or termination of this Agreement howsoever arising shall not affect such of its provisions as are expressed to operate or have effect thereafter and shall not hinder any right of action which may have already accrued to either party in respect of any breach of this Agreement by the other party.

16 Notice to be given to hereunder shall, in case of notice to AFP, be deemed as duly served if left at or sent by registered post to its place of business in Hong Kong and, in the case of notice to Mr. Asfouri if handed to him personally or left at or sent by registered post to his last known address.



NA

17 This Agreement shall be governed by and construed in accordance with Hong Kong law and the parties hereto shall submit to the non-exclusive jurisdiction of the Hong Kong Courts in the settlement of any dispute arising hereunder.

SIGNED BY Mr. Eric Wishart
for and on behalf of
AGENCE FRANCE-PRESSE
Date:

AGENCE FRANCE-PRESSE * HONG KONG * Eric Wishart Regional Director

SIGNED BY Mr. Nicolas Asfouri
Date: 19/03/08



NA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| NICOLAS ASFOURI, | : | |
| Plaintiff, | : | |
| -against- | : | 26-cv-632 (DLC) |
| GETTY IMAGES (US), INC., | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NOTICE OF APPEAL

Notice is hereby given that Nicolas Asfouri, plaintiff in the above-named case, William Dunnegan and Dunnegan & Scileppi LLC, counsel for plaintiff in the above-named case, hereby appeal to the United States Court of Appeals for the Second Circuit, pursuant to Fed. R. Civ. P. 58(a)(3), 28 U.S.C. § 1291, and Fed. R. App. P. 4 from the post-judgment opinion and order of the Court entered in this action on September 30, 2026, (i) awarding attorneys' fees against Asfouri in favor of defendant pursuant to 17 U.S.C. § 505, (ii) awarding attorneys' fees against William Dunnegan and Dunnegan & Scileppi LLC in favor of defendant pursuant to Fed. R. Civ. P. 11, and (iii) requiring Asfouri to post a bond pursuant to Fed. R. App. P. 7.

Dated: New York, New York
October 1, 2026

DUNNEGAN & SCILEPPI LLC

By William Dunnegan

William Dunnegan (WD9316)
wd@dunnegan.com
Richard Weiss (RW4039)
rw@dunnegan.com
Attorneys for the Appealing Parties
437 Madison Avenue, 24th Floor
New York, New York 10022
(212) 332-8300

CERTIFICATE OF SERVICE

I, William Dunnegan, hereby certify that a true and correct complete copy of plaintiff's notice of appeal will be served on all counsel of record via the Court's CM/ECF service.

William Dunnegan

William Dunnegan

Query Reports Utilities Help Log Out

CLOSED,APPEAL,ECF

# U.S. District Court
# Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:26-cv-00632-DLC

Asfouri v. Getty Images, Inc. et al
Assigned to: Judge Denise L. Cote
Cause: 17:101 Copyright Infringement

Date Filed: 01/23/2026
Date Terminated: 08/12/2026
Jury Demand: Plaintiff
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**Nicolas Asfouri** represented by **Richard Weiss**
Dunnegan & Scileppi LLC
437 Madison Avenue
Ste 24th Floor
New York, NY 10022
212-332-8302
Email: rw@dunnegan.com
*ATTORNEY TO BE NOTICED*

**William Irvin Dunnegan**
Dunnegan & Scileppi LLC
437 Madison Avenue
Ste 24th Floor
New York, NY 10022
212-332-8300
Fax: 212-332-8301
Email: wd@dunnegan.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Getty Images, Inc.**
*TERMINATED: 04/27/2026* represented by **Nancy Evelyn Wolff**
Cowan, DeBaets, Abrahams & Sheppard LLP
60 Broad Street
30th Floor
New York, NY 10004
212-974-7474
Fax: 212-974-8474
Email: nwolff@cdas.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leo Martin Lichtman**
Cowan DeBaets Abrahams & Sheppard LLP

60 Broad Street
30th Floor
New York, NY 10004
212-497-0913
Email: llichtman@cdas.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Getty Images (US), Inc.** represented by **Nancy Evelyn Wolff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leo Martin Lichtman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ABC Co. Nos. 1-1,000**
*TERMINATED: 04/27/2026*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/23/2026 | 1 | COMPLAINT against ABC Co. Nos. 1-1,000, Getty Images (US), Inc., Getty Images, Inc.. (Filing Fee $ 405.00, Receipt Number ANYSDC-32307613)Document filed by Nicolas Asfouri..(Dunnegan, William) (Entered: 01/23/2026) |
| 01/23/2026 | 2 | CIVIL COVER SHEET filed..(Dunnegan, William) (Entered: 01/23/2026) |
| 01/23/2026 | 3 | AO 121 FORM COPYRIGHT - NOTICE OF SUBMISSION BY ATTORNEY. AO 121 Form Copyright for case opening submitted to court for review..(Dunnegan, William) (Entered: 01/23/2026) |
| 01/23/2026 | 4 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to Getty Images, Inc., re: 1 Complaint. Document filed by Nicolas Asfouri..(Dunnegan, William) Modified on 1/27/2026 (pc). (Entered: 01/23/2026) |
| 01/23/2026 | 5 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to Getty Images (US), Inc., re: 1 Complaint. Document filed by Nicolas Asfouri..(Dunnegan, William) Modified on 1/27/2026 (pc). (Entered: 01/23/2026) |
| 01/23/2026 | 6 | NOTICE OF APPEARANCE by Richard Weiss on behalf of Nicolas Asfouri..(Weiss, Richard) (Entered: 01/23/2026) |
| 01/27/2026 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Denise L. Cote. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(pc) (Entered: 01/27/2026) |
| 01/27/2026 | | Magistrate Judge Valerie Figueredo is designated to handle matters that may be referred in this case. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are |

| | | |
|---|---|---|
| | | notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (pc) (Entered: 01/27/2026) |
| 01/27/2026 | | Case Designated ECF. (pc) (Entered: 01/27/2026) |
| 01/27/2026 | | *****NOTICE TO ATTORNEY REGARDING CIVIL. CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney William Irvin Dunnegan. The following case opening statistical information was erroneously selected/entered: County code New York;. The following correction(s) have been made to your case entry: the County code has been modified to XX Out of U.S.;. (pc)** (Entered: 01/27/2026) |
| 01/27/2026 | | *****NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney William Irvin Dunnegan to RE-FILE Document No. 5 Request for Issuance of Summons, 4 Request for Issuance of Summons. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct; Use the standard Summons form not the USC 1608 form;. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (pc)** (Entered: 01/27/2026) |
| 01/27/2026 | 7 | REQUEST FOR ISSUANCE OF SUMMONS as to Getty Images, Inc., re: 1 Complaint. Document filed by Nicolas Asfouri..(Dunnegan, William) (Entered: 01/27/2026) |
| 01/27/2026 | 8 | REQUEST FOR ISSUANCE OF SUMMONS as to Getty Images (US), Inc., re: 1 Complaint. Document filed by Nicolas Asfouri..(Dunnegan, William) (Entered: 01/27/2026) |
| 01/27/2026 | 9 | AO 121 FORM COPYRIGHT - CASE OPENING - SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a court action has been filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e-mailed to Register of Copyrights..(pc) (Entered: 01/27/2026) |
| 01/28/2026 | 10 | ELECTRONIC SUMMONS ISSUED as to Getty Images, Inc.. (vf) (Entered: 01/28/2026) |
| 01/28/2026 | 11 | ELECTRONIC SUMMONS ISSUED as to Getty Images (US), Inc.. (vf) (Entered: 01/28/2026) |
| 01/28/2026 | 12 | NOTICE OF INITIAL PRETRIAL CONFERENCE: Initial Conference set for 3/27/2026 at 11:30 AM in Courtroom 18B, 500 Pearl Street, New York, NY 10007 before Judge Denise L. Cote. (Signed by Judge Denise L. Cote on 1/28/2026) (vfr) (Entered: 01/28/2026) |
| 02/09/2026 | 13 | NOTICE OF APPEARANCE by Nancy Evelyn Wolff on behalf of Getty Images (US), Inc., Getty Images, Inc...(Wolff, Nancy) (Entered: 02/09/2026) |
| 02/09/2026 | 14 | NOTICE OF APPEARANCE by Leo Martin Lichtman on behalf of Getty Images (US), Inc., Getty Images, Inc...(Lichtman, Leo) (Entered: 02/09/2026) |
| 02/09/2026 | 15 | LETTER MOTION for Extension of Time to File Answer re: 1 Complaint addressed to Judge Denise L. Cote from Nancy E. Wolff dated February 9, 2026. Document filed by Getty Images (US), Inc., Getty Images, Inc.. (Attachments: # 1 Exhibit Stipulation to Extend Time to Respond to Complaint).(Wolff, Nancy) (Entered: 02/09/2026) |
| 02/09/2026 | 16 | ORDER granting 15 Letter Motion for Extension of Time to Answer re 1 Complaint. Granted. The conference is adjourned to 4/29/26 at 11:00 am. (Getty Images (US), Inc. answer due 4/6/2026; Getty Images, Inc. answer due 4/6/2026.) (Signed by Judge Denise L. Cote on 2/9/26) (yv) (Entered: 02/10/2026) |

| | | |
|---|---|---|
| 02/09/2026 | | Set/Reset Hearings: Initial Conference set for 4/29/2026 at 11:00 AM before Judge Denise L. Cote. (yv) (Entered: 02/10/2026) |
| 02/10/2026 | 17 | DECLARATION of William Dunnegan re: 12 Order for Initial Pretrial Conference . Document filed by Nicolas Asfouri..(Dunnegan, William) (Entered: 02/10/2026) |
| 04/06/2026 | 18 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Other Affiliate The Carlyle Group L.P. for Getty Images, Inc.. Document filed by Getty Images, Inc...(Wolff, Nancy) (Entered: 04/06/2026) |
| 04/06/2026 | 19 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Getty Images Holdings, Inc. for Getty Images (US), Inc.. Document filed by Getty Images (US), Inc...(Wolff, Nancy) (Entered: 04/06/2026) |
| 04/06/2026 | 20 | MOTION to Dismiss . Document filed by Getty Images (US), Inc., Getty Images, Inc... (Wolff, Nancy) (Entered: 04/06/2026) |
| 04/06/2026 | 21 | MEMORANDUM OF LAW in Support re: 20 MOTION to Dismiss . . Document filed by Getty Images (US), Inc., Getty Images, Inc...(Wolff, Nancy) (Entered: 04/06/2026) |
| 04/06/2026 | 22 | DECLARATION of Nancy E. Wolff in Support re: 20 MOTION to Dismiss .. Document filed by Getty Images (US), Inc., Getty Images, Inc.. (Attachments: # 1 Exhibit 1 - Wolff Declaration, # 2 Exhibit 2 - Wolff Declaration, # 3 Exhibit 3 - Wolff Declaration, # 4 Exhibit 4 - Wolff Declaration, # 5 Exhibit 5 - Wolff Declaration, # 6 Exhibit 6 - Wolff Declaration).(Wolff, Nancy) (Entered: 04/06/2026) |
| 04/06/2026 | 23 | DECLARATION of Christophe Walter-Petit in Support re: 20 MOTION to Dismiss .. Document filed by Getty Images (US), Inc., Getty Images, Inc.. (Attachments: # 1 Exhibit 1 - Walter-Petit Declaration, # 2 Exhibit 2 - Walter-Petit Declaration, # 3 Exhibit 3 - Walter-Petit Declaration, # 4 Exhibit 4 - Walter-Petit Declaration).(Wolff, Nancy) (Entered: 04/06/2026) |
| 04/06/2026 | 24 | DECLARATION of Heather Cameron in Support re: 20 MOTION to Dismiss .. Document filed by Getty Images (US), Inc., Getty Images, Inc.. (Attachments: # 1 Exhibit 1 - Cameron Declaration).(Wolff, Nancy) (Entered: 04/06/2026) |
| 04/08/2026 | 25 | ORDER: Accordingly, it is hereby ORDERED that plaintiff shall file any amended complaint by April 27, 2026. It is unlikely that plaintiff will have a further opportunity to amend. IT IS FURTHER ORDERED that if no amended complaint is filed, plaintiff shall file any opposition to the motion to dismiss by April 27, 2026. Defendants' reply, if any, shall be filed by May 11. At the time any reply is filed, the moving party shall supply Chambers with two (2) courtesy copies of all motion papers by mailing or delivering them to the United States Courthouse, 500 Pearl Street, New York, New York. IT IS FURTHER ORDERED that the initial pretrial conference scheduled for April 29, 2026 is adjourned sine die. ( Amended Pleadings due by 4/27/2026., Replies due by 5/11/2026., Responses due by 4/27/2026) (Signed by Judge Denise L. Cote on 4/7/2026) (vfr) (Entered: 04/08/2026) |
| 04/27/2026 | 26 | FIRST AMENDED COMPLAINT amending 1 Complaint against Getty Images (US), Inc. with JURY DEMAND.Document filed by Nicolas Asfouri. Related document: 1 Complaint. (Attachments: # 1 Exhibit A part 1, # 2 Exhibit A part 2, # 3 Exhibit A part 3, # 4 Exhibit A part 4, # 5 Exhibit A part 5, # 6 Exhibit A part 6, # 7 Exhibit A part 7, # 8 Exhibit A part 8, # 9 Exhibit B, # 10 Exhibit C, # 11 Exhibit D, # 12 Exhibit E, # 13 Exhibit F, # 14 Exhibit G, # 15 Exhibit H, # 16 Exhibit I, # 17 Exhibit J, # 18 Exhibit K, # 19 Exhibit L, # 20 Exhibit M, # 21 Exhibit N, # 22 Exhibit O, # 23 Exhibit P, # 24 Exhibit Q, # 25 Exhibit R, # 26 Exhibit S, # 27 Exhibit T, # 28 Exhibit U, # 29 Exhibit V part 1, # 30 Exhibit V part 2, # 31 Exhibit V part 3, # 32 Exhibit V part 4, # 33 Exhibit V part 5, # 34 Exhibit V part 6, # 35 Exhibit V part 7, # 36 Exhibit V part 8, # 37 Exhibit V part 9, # |

| | | |
|---|---|---|
| | | 38 Exhibit V part 10, # 39 Exhibit V part 11, # 40 Exhibit V part 12, # 41 Exhibit V part 13, # 42 Exhibit V part 14, # 43 Exhibit V part 15, # 44 Exhibit V part 16, # 45 Exhibit V part 17, # 46 Exhibit V part 18, # 47 Exhibit V part 19, # 48 Exhibit V part 20, # 49 Exhibit V part 21, # 50 Exhibit V part 22, # 51 Exhibit V part 23, # 52 Exhibit V part 24, # 53 Exhibit V part 25, # 54 Exhibit V part 26, # 55 Exhibit V part 27, # 56 Exhibit V part 28, # 57 Exhibit V part 29, # 58 Exhibit V part 30, # 59 Exhibit V part 31, # 60 Exhibit V part 32, # 61 Exhibit V part 33, # 62 Exhibit V part 34, # 63 Exhibit V part 35, # 64 Exhibit V part 36, # 65 Exhibit V part 37, # 66 Exhibit V part 38, # 67 Exhibit V part 39, # 68 Exhibit V part 40, # 69 Exhibit V part 41, # 70 Exhibit V part 42, # 71 Exhibit V part 43, # 72 Exhibit V part 44, # 73 Exhibit V part 45, # 74 Exhibit V part 46, # 75 Exhibit V part 47, # 76 Exhibit V part 48, # 77 Exhibit V part 49).(Dunnegan, William) (Entered: 04/27/2026) |
| 04/28/2026 | 27 | ORDER: On April 6, 2026, defendants filed a motion to dismiss the complaint pursuant to Rules 12(b)(6) and 12(b)(7), Fed. R. Civ. P. An Order of April 7 directed the plaintiff to file any amended complaint by April 27 and alerted the plaintiff that it would likely not have another opportunity to amend. The plaintiff filed an amended complaint on April 27, thereby mooting the defendants' April 6 motion. Accordingly, it is hereby ORDERED that, should defendants wish to renew their motion to dismiss, that they must do so by May 8. Plaintiff shall file any opposition to the motion to dismiss by May 22. Defendants' reply, if any, shall be filed by May 29. At the time any reply is filed, the moving party shall supply Chambers with two (2) courtesy copies of all motion papers by mailing or delivering them to the United States Courthouse, 500 Pearl Street, New York, New York. IT IS FURTHER ORDERED that, in the event that defendants do not renew their motion to dismiss by May 8, an initial pretrial conference shall be held on May 21, 2026 at 3:00 p.m. in Courtroom 18B, United States Courthouse, 500 Pearl Street, New York, New York. SO ORDERED. (Signed by Judge Denise L. Cote on 4/28/2026) (Motions due by 5/8/2026. Responses due by 5/22/2026, Replies due by 5/29/2026. Initial Conference set for 5/21/2026 at 03:00 PM in Courtroom 18B, 500 Pearl Street, New York, NY 10007 before Judge Denise L. Cote.) (ar) (Entered: 04/28/2026) |
| 04/29/2026 | 28 | LETTER MOTION for Extension of Time *to File Defendant's Renewed Motion to Dismiss* addressed to Judge Denise L. Cote from Nancy E. Wolff dated April 29, 2026. Document filed by Getty Images (US), Inc...(Wolff, Nancy) (Entered: 04/29/2026) |
| 04/29/2026 | 29 | ORDER granting 28 Letter Motion for Extension of Time. Granted. (Signed by Judge Denise L. Cote on 4/29/2026) (rro) (Entered: 04/30/2026) |
| 04/29/2026 | | Set/Reset Deadlines: Motions due by 5/15/2026. Responses due by 6/2/2026 Replies due by 6/9/2026. (rro) (Entered: 04/30/2026) |
| 05/15/2026 | 30 | MOTION to Dismiss *First Amended Complaint*. Document filed by Getty Images (US), Inc...(Wolff, Nancy) (Entered: 05/15/2026) |
| 05/15/2026 | 31 | MEMORANDUM OF LAW in Support re: 30 MOTION to Dismiss *First Amended Complaint*. . Document filed by Getty Images (US), Inc...(Wolff, Nancy) (Entered: 05/15/2026) |
| 05/15/2026 | 32 | DECLARATION of Christophe Walter-Petit in Support re: 30 MOTION to Dismiss *First Amended Complaint*.. Document filed by Getty Images (US), Inc.. (Attachments: # 1 Exhibit 1 - Walter-Petit Declaration, # 2 Exhibit 2 - Walter-Petit Declaration, # 3 Exhibit 3 - Walter-Petit Declaration, # 4 Exhibit 4 - Walter-Petit Declaration).(Wolff, Nancy) (Entered: 05/15/2026) |
| 06/02/2026 | 33 | MEMORANDUM OF LAW in Opposition re: 30 MOTION to Dismiss *First Amended Complaint*. . Document filed by Nicolas Asfouri..(Dunnegan, William) (Entered: 06/02/2026) |

| | | |
|---|---|---|
| 06/02/2026 | 34 | DECLARATION of William Dunnegan in Opposition re: 30 MOTION to Dismiss *First Amended Complaint*.. Document filed by Nicolas Asfouri. (Attachments: # 1 Exhibit A).(Dunnegan, William) (Entered: 06/02/2026) |
| 06/09/2026 | 35 | REPLY MEMORANDUM OF LAW in Support re: 30 MOTION to Dismiss *First Amended Complaint*. . Document filed by Getty Images (US), Inc...(Wolff, Nancy) (Entered: 06/09/2026) |
| 08/06/2026 | 36 | OPINION AND ORDER re: 30 MOTION to Dismiss *First Amended Complaint*. filed by Getty Images (US), Inc. Getty's May 15, 2026 motion to dismiss is granted. The Clerk of Court shall enter judgment for the defendant and close the case. (Signed by Judge Denise L. Cote on 8/6/2026) (vfr) Transmission to Orders and Judgments Clerk for processing. (Entered: 08/06/2026) |
| 08/12/2026 | 37 | CLERK'S JUDGMENT re: 36 Memorandum & Opinion in favor of Getty Images (US), Inc. against Nicolas Asfouri. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated August 6, 2026, Getty's May 15, 2026 motion to dismiss is granted; accordingly, the case is closed. (Signed by Clerk of Court Tammi M Hellwig on 8/12/2026) (Attachments: # 1 Appeal Package) (km) (Entered: 08/12/2026) |
| 08/12/2026 | 38 | AO 121 FORM COPYRIGHT - CASE TERMINATED- SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a final decision was rendered on 8/12/2026 in a court action filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e-mailed to Register of Copyrights.(km) (Entered: 08/12/2026) |
| 08/13/2026 | 39 | NOTICE OF APPEAL from 37 Clerk's Judgment,. Document filed by Nicolas Asfouri. Filing fee $ 605.00, receipt number ANYSDC-33283453. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Dunnegan, William) (Entered: 08/13/2026) |
| 08/13/2026 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 39 Notice of Appeal. (tp) (Entered: 08/13/2026) |
| 08/13/2026 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 39 Notice of Appeal filed by Nicolas Asfouri were transmitted to the U.S. Court of Appeals. (tp) (Entered: 08/13/2026) |
| 08/26/2026 | 40 | MOTION for Attorney Fees *and Imposition of a Bond*. Document filed by Getty Images (US), Inc., Getty Images, Inc...(Wolff, Nancy) (Entered: 08/26/2026) |
| 08/26/2026 | 41 | MEMORANDUM OF LAW in Support re: 40 MOTION for Attorney Fees *and Imposition of a Bond*. . Document filed by Getty Images (US), Inc., Getty Images, Inc...(Wolff, Nancy) (Entered: 08/26/2026) |
| 08/26/2026 | 42 | DECLARATION of Nancy E. Wolff in Support re: 40 MOTION for Attorney Fees *and Imposition of a Bond*.. Document filed by Getty Images (US), Inc., Getty Images, Inc.. (Attachments: # 1 Exhibit Exhibit 1 to Wolff Declaration, # 2 Exhibit Exhibit 2 to Wolff Declaration, # 3 Exhibit Exhibit 3 to Wolff Declaration, # 4 Exhibit Exhibit 4 to Wolff Declaration, # 5 Exhibit Exhibit 5 to Wolff Declaration, # 6 Exhibit Exhibit 6 to Wolff Declaration).(Wolff, Nancy) (Entered: 08/26/2026) |
| 08/26/2026 | 43 | MOTION for Sanctions *Pursuant to Fed. R. Civ. P. 11*. Document filed by Getty Images (US), Inc., Getty Images, Inc...(Wolff, Nancy) (Entered: 08/26/2026) |
| 08/26/2026 | 44 | MEMORANDUM OF LAW in Support re: 43 MOTION for Sanctions *Pursuant to Fed. R. Civ. P. 11*. . Document filed by Getty Images (US), Inc., Getty Images, Inc...(Wolff, Nancy) |

| | | |
|---|---|---|
| | | (Entered: 08/26/2026) |
| 08/26/2026 | 45 | DECLARATION of Nancy E. Wolff in Support re: 43 MOTION for Sanctions *Pursuant to Fed. R. Civ. P. 11*.. Document filed by Getty Images (US), Inc., Getty Images, Inc.. (Attachments: # 1 Exhibit Exhibit 1 to Wolff Declaration, # 2 Exhibit Exhibit 2 to Wolff Declaration, # 3 Exhibit Exhibit 3 to Wolff Declaration, # 4 Exhibit Exhibit 4 to Wolff Declaration, # 5 Exhibit Exhibit 5 to Wolff Declaration).(Wolff, Nancy) (Entered: 08/26/2026) |
| 08/27/2026 | 46 | ORDER: Accordingly, it is hereby ORDERED that plaintiff shall file any opposition briefs to the motions by September 18, 2026. Defendants' replies, if any, shall be filed by October 2. At the time any reply is filed, the moving party shall supply Chambers with two (2) courtesy copies of all motion papers by mailing or delivering them to the United States Courthouse, 500 Pearl Street, New York, New York. ( Replies due by 10/2/2026., Responses due by 9/18/2026) (Signed by Judge Denise L. Cote on 8/27/2026) (vfr) (Entered: 08/27/2026) |
| 09/14/2026 | 47 | EMERGENCY MOTION for Order to Show Cause . Document filed by Getty Images (US), Inc.. (Attachments: # 1 Proposed Order to Show Cause).(Wolff, Nancy) (Entered: 09/14/2026) |
| 09/14/2026 | 48 | MEMORANDUM OF LAW in Support re: 47 EMERGENCY MOTION for Order to Show Cause . . Document filed by Getty Images (US), Inc...(Wolff, Nancy) (Entered: 09/14/2026) |
| 09/14/2026 | 49 | DECLARATION of Nancy E. Wolff in Support re: 47 EMERGENCY MOTION for Order to Show Cause .. Document filed by Getty Images (US), Inc.. (Attachments: # 1 Exhibit A).(Wolff, Nancy) (Entered: 09/14/2026) |
| 09/14/2026 | 50 | ORDER re: 47 EMERGENCY MOTION for Order to Show Cause, 40 MOTION for Attorney Fees *and Imposition of a Bond*, 43 MOTION for Sanctions *Pursuant to Fed. R. Civ. P. 11*. ORDERED that plaintiff shall file any opposition to the September 14 motion by 12 p.m. on September 16, 2026. IT IS FURTHER ORDERED that the plaintiff's opposition to the defendants' August 26 motions, previously due on September 18, must now be filed by 12 p.m. on September 16, 2026. IT IS FURTHER ORDERED that all parties shall appear for a conference on September 18, 2026 at 3:30 p.m. in Courtroom 18B at the United States Courthouse, 500 Pearl Street, New York, New York, 10007. (Signed by Judge Denise L. Cote on 09/14/2026) (cg). (Entered: 09/14/2026) |
| 09/15/2026 | 51 | MEMORANDUM OF LAW in Opposition re: 40 MOTION for Attorney Fees *and Imposition of a Bond*. . Document filed by Nicolas Asfouri..(Dunnegan, William) (Entered: 09/15/2026) |
| 09/15/2026 | 52 | DECLARATION of Nicolas Asfouri in Opposition re: 40 MOTION for Attorney Fees *and Imposition of a Bond*.. Document filed by Nicolas Asfouri. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C).(Dunnegan, William) (Entered: 09/15/2026) |
| 09/15/2026 | 53 | DECLARATION of William Dunnegan in Opposition re: 40 MOTION for Attorney Fees *and Imposition of a Bond*.. Document filed by Nicolas Asfouri. (Attachments: # 1 Exhibit D).(Dunnegan, William) (Entered: 09/15/2026) |
| 09/15/2026 | 54 | MEMORANDUM OF LAW in Opposition re: 43 MOTION for Sanctions *Pursuant to Fed. R. Civ. P. 11*. . Document filed by Nicolas Asfouri..(Dunnegan, William) (Entered: 09/15/2026) |
| 09/15/2026 | 55 | DECLARATION of William Dunnegan in Opposition re: 43 MOTION for Sanctions *Pursuant to Fed. R. Civ. P. 11*.. Document filed by Nicolas Asfouri..(Dunnegan, William) (Entered: 09/15/2026) |

| | | |
|---|---|---|
| 09/16/2026 | 56 | MEMORANDUM OF LAW in Opposition re: 47 EMERGENCY MOTION for Order to Show Cause ., 50 Order,, . Document filed by Nicolas Asfouri..(Dunnegan, William) (Entered: 09/16/2026) |
| 09/16/2026 | 57 | DECLARATION of William Dunnegan in Opposition re: 47 EMERGENCY MOTION for Order to Show Cause ., 50 Order,,. Document filed by Nicolas Asfouri. (Attachments: # 1 Exhibit E).(Dunnegan, William) (Entered: 09/16/2026) |
| 09/16/2026 | 58 | REPLY MEMORANDUM OF LAW in Support re: 40 MOTION for Attorney Fees *and Imposition of a Bond*. . Document filed by Getty Images (US), Inc...(Wolff, Nancy) (Entered: 09/16/2026) |
| 09/16/2026 | 59 | REPLY MEMORANDUM OF LAW in Support re: 43 MOTION for Sanctions *Pursuant to Fed. R. Civ. P. 11*. . Document filed by Getty Images (US), Inc...(Wolff, Nancy) (Entered: 09/16/2026) |
| 09/18/2026 | | Minute Entry for proceedings held before Judge Denise L. Cote: Show Cause Hearing held on 9/18/2026. (Court Reporter Steven Greenblum) (jwh) (Entered: 09/18/2026) |
| 09/29/2026 | 60 | TRANSCRIPT of Proceedings re: CONFERENCE held on 9/18/2026 before Judge Denise L. Cote. Court Reporter/Transcriber: Steven Greenblum, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/20/2026. Redacted Transcript Deadline set for 10/30/2026. Release of Transcript Restriction set for 12/28/2026..(Moya, Goretti) (Entered: 09/29/2026) |
| 09/29/2026 | 61 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 9/18/26 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 09/29/2026) |
| 09/30/2026 | 62 | OPINION AND ORDER re: 40 MOTION for Attorney Fees *and Imposition of a Bond* filed by Getty Images, Inc., Getty Images (US), Inc. Getty's August 26 motion for attorneys' fees under Fed. R. Civ. P. 11 is granted jointly and severally in the amount of $127,913.00 against Mr. William Dunnegan and Dunnegan & Scileppi LLC. Getty's August 26 motion for attorneys' fees against Asfouri in the amount of $127,913.00 is granted, to be imposed jointly and severally with the Rule 11 sanctions against his counsel. Finally, Getty's August 26 motion for Asfouri to post a bond on appeal is granted in the amount of $25,000. That bond must be posted no later than Tuesday, October 6, 2026. (Signed by Judge Denise L. Cote on 9/30/2026) (vfr) (Entered: 09/30/2026) |
| 10/01/2026 | 63 | NOTICE OF APPEAL from 62 Memorandum & Opinion,,,. Document filed by Nicolas Asfouri. Filing fee $ 605.00, receipt number ANYSDC-33537946. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Dunnegan, William) (Entered: 10/01/2026) |
| 10/01/2026 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 63 Notice of Appeal,..(nd) (Entered: 10/01/2026) |
| 10/01/2026 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 63 Notice of Appeal, filed by Nicolas Asfouri were transmitted to the U.S. Court of Appeals..(nd) (Entered: 10/01/2026) |

| | | |
|---|---|---|
| 10/01/2026 | 64 | ORDER: Accordingly, for avoidance of doubt, it is hereby ORDERED that Asfouri, Mr. William Dunnegan, and Mr. Dunnegan's law firm, Dunnegan & Scileppi LLC, are jointly and severally liable for the award of attorneys' fees in the amount of $127,913.00. Getty is not entitled to recover more than $127,913.00. (Signed by Judge Denise L. Cote on 10/1/2026) (vfr) (Entered: 10/02/2026) |


| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/06/2026 14:30:47 | | | |
| **PACER Login:** | Dunnegan | **Client Code:** | asfouri |
| **Description:** | Docket Report | **Search Criteria:** | 1:26-cv-00632-DLC |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NICOLAS ASFOURI,<br><br>Plaintiff,<br><br>-v-<br><br>GETTY IMAGES, (US), Inc.,<br><br>Defendant. | : | 26cv632 (DLC)<br><br>OPINION AND ORDER |

APPEARANCES:

For Plaintiff Nicolas Asfouri:

William Dunnegan
Laura Scileppi
Dunnegan & Scileppi LLC
437 Madison Avenue, 24th Floor
New York, New York 10022

For Defendant Getty Images (US), Inc.:

Nancy E. Wolff
Leo M. Lichtman
Cowan, DeBaets, Abrahams, & Sheppard LLP
60 Broad Street, 30th Floor
New York, New York 10004

DENISE COTE, District Judge:

On August 6, 2026, this copyright action, brought against Getty Images (US) ("Getty"), was dismissed with prejudice. Asfouri v. Getty Images (US), Inc., No. 1:26-cv-632, 2026 WL 2269157 (S.D.N.Y. Aug. 6, 2026) ("August 6 Opinion"). Familiarity with the August 6 Opinion is presumed. Getty has now moved for an award of attorneys' fees under the Copyright

Act and the imposition of a bond on appeal against the plaintiff, Nicolas Asfouri, and for the imposition of Rule 11 sanctions against his counsel. For the following reasons, these motions are granted.

**Background**

This action arises from photographs that Asfouri took as a professional photographer during his employment with Agence France-Presse ("AFP") and the subsequent licensing of those photographs to Getty. Getty is a visual media company that provides businesses and consumers with access to a large archive of media, including photographs. Represented by Dunnegan & Scileppi LLC, Asfouri filed this action on January 23, 2026 against Getty. The pertinent background is as follows.

Over roughly two decades, Asfouri took more than 40,000 photographs for AFP. He began by working for AFP as a freelancer and then became its staff photographer in Portugal. Of particular importance to this lawsuit, Asfouri worked for AFP from March 2008 to April 2016 as its Chief Photographer in its Thailand Bureau.

On February 19, 2008, AFP sent Asfouri an employment contract that contained an assignment of copyright for his photographs to AFP "whether taken by you for AFP in the future or in the past." Asfouri, 2026 WL 2269157, at *2. On March 19,

when Asfouri arrived at AFP's Regional Headquarters in Hong Kong, he executed the Thailand Employment Agreement ("Agreement"), which in identical language assigned his copyrights to AFP for photographs taken in the past or future for AFP. Id. The Agreement selected the law of Hong Kong as its governing law. Getty entered into a licensing agreement with AFP in 2003 and has displayed AFP photographs, including Asfouri's photographs taken during the time he worked for AFP, on its website.

In 2016, Asfouri became AFP's staff photographer for its Beijing, China Bureau. He executed another employment agreement in which he again assigned the copyrights in his photographs to AFP. Id. Over the course of two years, beginning in 2019, Asfouri registered photographs he had taken between March 10, 2001 and March 18, 2008, the day before he executed the Agreement. Id. at *3.

In late 2022, AFP assigned Asfouri to its Mexico City, Mexico Bureau. Asfouri refused to sign an agreement with AFP for that employment and in March of 2023 sent his first "takedown notice" to AFP. He demanded that AFP remove over 40,000 of his photographs from its website. Shortly thereafter, Asfouri sent a "takedown notice" to Getty as well. AFP fired Asfouri on April 29, 2023. Id.

In 2023, an attorney contacted Getty on behalf of Asfouri, asserting that Getty was infringing Asfouri's copyrights. Getty provided that attorney with the Agreement's assignment language and a legal opinion from counsel in Hong Kong concluding that the Agreement was an effective assignment of the copyrights. After providing that information to Asfouri's attorney, Getty did not hear from Asfouri again until this case was filed in 2026.

Instead, in January of 2024, Asfouri sued AFP in Portugal. He sought a declaration of his right to the copyright in the contested photographs and a declaration that the assignment clause in the Agreement is unenforceable. On August 14, 2025, the Portuguese court ruled that it lacked jurisdiction to issue an opinion on the validity of the assignment under the Agreement. An appellate court in Portugal affirmed that decision on March 23, 2026, holding that France is the correct venue to challenge the contract with AFP. In the ruling by the Portuguese appellate court, Asfouri's jurisdictional arguments were characterized as "utterly preposterous" and as making "no logical or legal sense whatsoever." Asfouri has yet to secure a judgment from any court deeming the Agreement with AFP unenforceable.

Asfouri filed this action against Getty on January 23, 2026. The ten-page complaint alleged that Getty infringed 9,953 of Asfouri's registered copyrights, in violation of 17 U.S.C. § 501, and that it provided false copyright management information ("CMI") in connection with photographs in violation of 17 U.S.C. § 1202(a), by providing consumers with Terms and Conditions that assumed Getty's right to license the relevant photographs. Plaintiff's counsel William Dunnegan signed the complaint. Even though Mr. Dunnegan had a copy of the Agreement, the complaint omitted all mention of the Agreement or Asfouri's employment by AFP.

On January 29, Getty's counsel wrote to advise Mr. Dunnegan that the present case is "without any legal basis" and to remind him of his Rule 11 obligations. Getty explained that it had never received a response from Asfouri's prior counsel after it sent him the legal opinion regarding the enforceability of the Agreement under Hong Kong law. Mr. Dunnegan informed Getty's counsel that very day that he was aware of the 2023 legal opinion from Hong Kong counsel. Getty wrote again on March 26 to advise Mr. Dunnegan of the decision by the Lisbon Court of Appeals affirming the dismissal of Asfouri's lawsuit against AFP in Portugal. It urged Mr. Dunnegan to withdraw Asfouri's claims in light of his Rule 11 obligations.

Meanwhile, on April 6, 2026, Getty moved to dismiss the complaint for its failure to, among other things, acknowledge key facts and details in plaintiff's possession related to the Agreement with AFP. In lieu of opposing the motion, Mr. Dunnegan filed an amended complaint. The first amended complaint ("FAC"), filed on April 27, 2026, was forty-seven pages in length and substantially expanded on the relevant background. Among other things, it explained that Asfouri had been employed by AFP when taking the photographs at issue and acknowledged the existence of the Agreement assigning Asfouri's copyrights to AFP. Getty renewed its motion to dismiss on May 15; briefing on that motion was completed on June 9; and the motion was granted in the August 6 Opinion.

Meanwhile, Getty informed Asfouri's counsel of its intention to seek sanctions under Rule 11, Fed. R. Civ. P. A three-page June 12 letter ("Rule 11 Notice") explained in detail Getty's reasons for asserting that the FAC contained claims without factual or legal support. It stated that the claims were "asserted without a reasonable inquiry into the underlying facts; present frivolous arguments; have no evidentiary support; and have been filed to harass" Getty and to cause it to bear unnecessary legal expense. On August 26, Getty moved this Court for sanctions against both Asfouri and his counsel pursuant to

Rule 11, alleging that the plaintiff and his attorney knew facts that precluded Asfouri's claims for relief. On the same date, Getty also moved for attorneys' fees under the Copyright Act, 17 U.S.C. § 505, and an order requiring plaintiff to post a bond on appeal. After receiving both motions, this Court issued a briefing schedule directing Asfouri to file any opposition to that motion by September 18 and Getty to file a reply by October 2.

On August 13, having received the Rule 11 Notice and after his claims had been dismissed in the August 6 Opinion, Asfouri appealed from the dismissal. Pursuant to a briefing schedule set by the Court of Appeals, Asfouri's opening brief was due October 5, and Getty's opposing brief was due November 9.

Faced with Getty's August 26 motion for a bond and for the imposition of sanctions, Mr. Dunnegan filed Asfouri's brief on appeal on September 10, nearly a month earlier than required. The early filing advanced Getty's deadline to file its opposition brief in the Second Circuit to October 15, which was two weeks after its motions for attorneys' fees and a bond on appeal would be fully submitted to this Court. Asfouri's counsel refused Getty's request that he consent to an extended briefing schedule before the Second Circuit so that Getty's motion could be decided first.

The next chapter in this battle of motion schedules occurred on September 14, when Getty filed an emergency motion in this Court. Getty moved to show cause why a bond of no less than $75,000 should not be issued to cover the attorneys' fees and costs of defending Getty on appeal. An expedited briefing schedule was issued, directing Asfouri to file his opposition to both the original motion and the emergency motion to show cause by September 16. All parties appeared for a conference with this Court on September 18.

## Discussion

Getty has moved for an award of attorneys' fees in the amount of $127,913.00 pursuant to both the Copyright Act and Rule 11, Fed. R. Civ. P. Getty also requests that the plaintiff be required to post a bond of no less than $75,000 to cover the attorneys' fees and costs that it anticipates it will incur while defending against Asfouri's appeal before the Second Circuit. For the following reasons, the motion for attorneys' fees under Rule 11 and the Copyright Act is granted against Asfouri's counsel and Asfouri. Asfouri will also be required to post a bond of $25,000 on appeal.

### I. Attorneys' Fees

Getty has moved for an award of attorneys' fees on two grounds. It seeks an award of its attorneys' fees incurred in

connection with the defense of this litigation in the district court under Fed. R. Civ. P. 11 against Asfouri and his counsel, Dunnegan & Scileppi LLC, and also under the Copyright Act, 17 U.S.C. § 505, against Asfouri alone. The defendant argues that both Asfouri and his attorney presented factual allegations that lacked evidentiary support and were objectively unreasonable.

A. Attorney's Fees under Rule 11

A court may sanction an attorney, law firm, or party that violates Rule 11(b) upon a motion filed by a party to the litigation. Fed. R. Civ. P. 11(c)(2). When an attorney presents to the court a pleading or written motion, the attorney certifies that:

> to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"Rule 11 mandates sanctions where it is clear that: (1) a reasonable inquiry into the basis for a pleading has not been made; (2) under existing precedents there is no chance of success; and (3) no reasonable argument has been advanced to extend, modify or reverse the law as it stands." Int'l Shipping Co., S.A. v. Hydra Offshore, Inc., 875 F.2d 388, 390 (2d Cir. 1989). The Rule "explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." Id. (citation omitted).

With respect to factual contentions contained in submissions to the court, "sanctions may not be imposed unless a particular allegation is utterly lacking in support." StreetEasy, Inc. v. Chertok, 752 F.3d 298, 307 (2d Cir. 2014) (citation omitted). For factual contentions, a pleading violates Rule 11(b)(3) where "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact." Kropelnicki v. Siegel, 290 F.3d 118, 131 (2d Cir. 2002) (citation omitted). "[L]iability may be imposed if the lawyer's claim to have evidentiary support is not objectively reasonable." In re Pennie & Edmonds LLP, 323 F.3d 86, 90 (2d Cir. 2003). In other words, "the creativity of an attorney may not transcend the facts of a given case."

Levine v. Fed. Deposit Ins. Corp., 2 F.3d 476, 479 (2d Cir. 1993) (citation omitted).

When a party's legal contentions are challenged as violating Rule 11(b)(2), "[t]he operative question is whether the argument is frivolous, i.e., the legal position has no chance of success, and there is no reasonable argument to extend, modify, or reverse the law as it stands." Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 177 (2d Cir. 2012) (citation omitted).

Although bad faith may be considered in a court's decision to impose sanctions, it is not a requirement for sanctions imposed under Rule 11 when an attorney has an opportunity to withdraw a challenged submission. In re Pennie & Edmonds LLP, 323 F.3d at 90. When sanctions are imposed on motion of an adversary, "[t]he standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement." StreetEasy, 752 F.3d at 307 (citation omitted). The objective standard in Rule 11(b) is "intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments." Margo v. Weiss, 213 F.3d 55, 64 (2d Cir. 2000) (citing 1993 Rule 11 Advisory Committee Notes).

To satisfy Rule 11 and the principles of due process, the subject of a sanctions motion "must receive specific notice of the conduct alleged to be sanctionable and the standard by which the conduct will be assessed, and an opportunity to be heard on that matter." StreetEasy, 752 F.3d at 310 (citation omitted); see also Fed. R. Civ. P. 11(c). "[O]nly conduct explicitly referred to in the instrument providing notice is sanctionable." Star Mark Mgmt., 682 F.3d at 175 (citation omitted).

Rule 11 sanctions "are a coercive mechanism, available to trial court judges, to enforce ethical standards upon attorneys appearing before them, while being careful not to rein in zealous advocacy." Kiobel v. Millson, 592 F.3d 78, 83 (2d Cir. 2010) (citation omitted). "Once a court determines that Rule 11(b) has been violated, it may in its discretion impose sanctions limited to what is sufficient to deter repetition of such conduct." Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc., 186 F.3d 157, 166 (2d Cir. 1999) (citation omitted).

Getty is entitled to sanctions against plaintiff's counsel for filing multiple sanctionable documents. These include the complaint, the FAC, and the June 2 brief in opposition to the motion to dismiss ("Brief"). These pleadings lacked evidentiary support for the copyright claim and the false CMI claim. The complaint failed to plead facts essential to its claims and

Case: 26-2776, 10/06/2026, DktEntry: 12.1, Page 33 of 55

concealed the existence of the Agreement from the Court, among other things. The FAC and the Brief also presented claims that were objectively unreasonable and without evidentiary support. While these two documents acknowledge the existence of the Agreement and the AFP license to Getty, the claims they assert and defend were objectively unreasonable and without a factual and legal basis.

1. The Complaint

Defendants assert that the complaint failed to include facts which were essential to state a claim. It did not sufficiently identify the photographs at issue[1] or give fair notice of the basis for its allegation that Getty had infringed the copyrights in plaintiff's photographs. Related to these deficiencies, the complaint concealed that the photographs on which its claims were based had been taken by the plaintiff while he was employed as a photographer for AFP, that he had assigned his copyrights to AFP in the Agreement, and that AFP had licensed those copyrights to Getty.

Getty is correct that the complaint brought claims that were objectively unreasonable and failed to include critical

---

[1] No claim may be brought under the Copyright Act for an infringement of works which have not already been registered. 17 U.S.C. § 411(a). See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881, 886-87 (2019).

information, which violated the Rule 11(b)(3) requirement that all "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). Mr. Dunnegan had a duty under Rule 11 to make a reasonable inquiry before filing the complaint. In particular, pleading a claim premised on rights that the plaintiff had assigned in writing years earlier to his employer and then doing so with no acknowledgment of either that employment or that assignment is sanctionable conduct. When filing this lawsuit, Mr. Dunnegan was aware not only of the employment and the Agreement assigning rights to the employer but also of Asfouri's failed attempts to invalidate the Agreement. He was aware of the 2023 legal opinion that the assignment was effective under Hong Kong law and the Portuguese court's rejection of Asfouri's request to invalidate the assignment. While a complaint need not anticipate defenses that will be pleaded against the claims, a plaintiff bringing the claims asserted here must plead ownership of the copyright. When that ownership depends on defeating an unambiguous and facially valid written assignment of those rights, it was a violation of Rule 11 to fail to acknowledge in the complaint the existence of the written assignment to the plaintiff's employer.

In opposing the motion for sanctions based on the filing of the complaint, Asfouri advances four arguments against the

imposition of Rule 11 sanctions based on its omission of any reference to either AFP or Asfouri's assignment of rights in the Agreement. None of his arguments succeeds.

First, Asfouri argues that he was only required to plead sufficient facts to comply with Fed. R. Civ. P. 8. Rule 8's requirement that a pleading contain a "short and plain" statement of a claim, however, did not absolve him of complying as well with Rule 11.

Next, Asfouri contends that the complaint did not need to disclose the existence of the Agreement since he "considered" the Agreement to be void. Rule 11 assesses conduct objectively; it does not excuse objectively unreasonable conduct because of a party's subjective belief. Here, the plaintiff had taken the photographs while employed; those photographs were covered by a written assignment to his employer; and Asfouri's efforts to date to invalidate the force of the Agreement containing the written assignment have failed. It was objectively unreasonable to bring this Copyright claim, and also a clear violation of Rule 11, when doing so, to fail to disclose the existence of the Agreement with AFP in the complaint.[2] This was even more true

[2] Mr. Dunnegan's reading of the Agreement, which forms the basis for his view that it was unenforceable, is discussed below.

because Asfouri brought his claim against Getty without joining AFP as a defendant.

Asfouri also contends that there was no sanctionable concealment because the defendant, Getty, knew of the existence of the Agreement with Asfouri's employer, AFP. Rule 11(b), however, concerns the "[r]epresentations to the Court". Fed. R. Civ. P. 11(b). Getty's knowledge of the Agreement and its ability, therefore, to remind Mr. Dunnegan of his Rule 11 obligations and to inform the Court of the Agreement did not diminish Mr. Dunnegan's obligations to comply with Rule 11.

Finally, Asfouri relies on his right to amend "once as a matter of course" under Fed. R. Civ. P. 15. This argument fares no better than Asfouri's reliance on Rule 8. The existence of Rule 15 does not exempt a party from complying with Rule 11 when filing an action. A Rule 11 violation is complete upon the "present[ation]" of an offensive pleading to the court. Fed. R. Civ. P. 11(b). For similar reasons, Asfouri's argument that Rule 11 sanctions may not be imposed because the FAC replaced the complaint fails. This argument would only have force if the FAC had cured the Rule 11 violation, which it did not.

2. The FAC and the Brief in Opposition to the Motion to Dismiss

The FAC acknowledges that Asfouri had taken the photographs underlying his claims while employed by AFP and that he had

executed the Agreement, which assigned the copyright in those photographs to AFP. Defendant alleges that, despite that disclosure, plaintiff and his attorney made claims in the FAC and advanced arguments in the Brief that violated Rule 11 since those assertions and arguments lacked legal and factual support and were objectively unreasonable. Getty asserts as well that Mr. Dunnegan failed in his obligation to conduct a reasonable inquiry to support the claims.

For support of these arguments Getty highlights five assertions made in the FAC and/or Brief to defend the plaintiff's claims. Getty contends that in these arguments, Mr. Dunnegan stretched the truth in order to circumvent the Agreement. Those "concocted" facts and arguments are that:

1) AFP had procured Asfouri's signature through fraud, without acknowledging that Asfouri had 29 days to review the Agreement's relevant assignment language before signing it;

2) the Agreement was void under Thai law because AFP did not pay the Thai minimum wage, even though the Agreement is governed by Hong Kong law and AFP paid Asfouri significantly in excess of the Thai minimum wage;

3) the Agreement was invalid under Portuguese law, even though it is governed under Hong Kong law and Portuguese courts had already dismissed Asfouri's challenge to the Agreement;

4) the Hong Kong legal opinion that the assignment was valid should be ignored because Getty "intended to whitewash" its use of the photographs, even though plaintiff had no evidence of any impropriety on Getty's part; and

5) Getty had told third parties that it knew that the assignment by Asfouri to AFP was invalid, even though plaintiff had no evidence of such statements by Getty.

The Court agrees that plaintiff's counsel has asserted facts and advanced legal theories in the FAC and Brief for which there is no objectively reasonable evidentiary support or legal basis. These assertions were made in the face of the unambiguous written assignment by Asfouri of his rights. As the August 6 Opinion explains, the Agreement "does not impose any temporal limit on the assignment. The provision even notes that, should there be any ambiguity, that '[t]his agreement is meant to be interpreted in the broadest manner possible granting AFP the broadest possible rights.'" 2026 WL 2269157, at *7. As a result of that assignment, Asfouri did not own the copyright and could not reasonably assert either of his two claims against Getty. Moreover, as Getty enumerates, Mr. Dunnegan made several groundless assertions and arguments in a futile attempt to avoid the consequences of the assignment. These objectively

Case 26-2776, 10/06/2026, DktEntry: 12.1, Page 39 of 55

unreasonable assertions and arguments provide additional grounds to impose Rule 11 sanctions.

Mr. Dunnegan makes principally four arguments in defense of his assertions in the FAC and the Brief. Each is addressed in turn.

Mr. Dunnegan first argues that it made "no economic sense" for him to file a frivolous action because he filed this action, and has filed similar actions, on a contingency basis. He adds that he is an experienced copyright attorney, knows what constitutes an objectively unreasonable argument, and has invested over 700 hours in litigating this case. Mr. Dunnegan explains that he hopes to prove that Getty is liable for millions of dollars to Asfouri. Getty points out that Mr. Dunnegan has apparently been prompted to file several similar lawsuits in the hope that Portuguese law, which imposes strict requirements on effective transfers of copyrights,[3] will assist him in securing recoveries under U.S. copyright law.[4] It is

---

[3] Portuguese law mandates that any transfer of a copyright must be done through a public deed. Paragraph 44 of the Portuguese Copyright and Related Rights Code provides: "The total and definitive transfer of the patrimonial content of copyright may only be effected by [1] public deed, [2] identifying the work and [3] stating the agreed price, under penalty of nullity."

[4] Mr. Dunnegan has filed lawsuits in this district on behalf of other photographers in which he has asserted copyright infringement by U.S. companies that have acted as authorized distributors of a Portuguese media company. After this motion

unnecessary to assess Mr. Dunnegan's business plan or motivations, however, since his arguments in his filings are objectively unreasonable.

Next, Mr. Dunnegan argues that the Rule 11 motion should be denied because it was served after too long of a delay, that is, three days after Getty filed its reply brief in support of its motion to dismiss the FAC. Getty did not delay in bringing this motion. Moreover, Getty warned plaintiff's counsel promptly and repeatedly of its intention to apply for Rule 11 sanctions if Asfouri persisted in pursuing this litigation. In Mr. Dunnegan's only support for this argument, there was a two-year delay. See Robinson v. De Niro, 614 F.Supp.3d 73, 80-81 (S.D.N.Y. July 13, 2022), report and recommendation adopted, No. 19-CV-09156 (LJL), 2022 WL 7091518 (S.D.N.Y. Oct. 12, 2022).

Asfouri next contends that sanctions are not appropriate since the August 6 Opinion did not reach most of the arguments which Getty contends it was objectively unreasonable for Asfouri to make and because the FAC was dismissed when the Court applied the "law to the facts." Asfouri cannot avoid the imposition of

---

for Rule 11 sanctions was filed, Mr. Dunnegan's firm voluntarily dismissed two copyright actions pending before this Court: Santos v. Sipa Press, Inc. et al., 1:26-cv-04954-DLC and Rocha v. Sipa Press, Inc. et al., 1:26-cv-04358-DLC. The firm continues to pursue copyright claims in Rocha v. Shutterstock, Inc., 1:26-cv-05552-LJL and Rocha v. Zuma Press, Inc., 1:26-cv-03260-LJL.

sanctions because it was unnecessary for the August 6 Opinion to reach every argument he made in defense of his claims. Whether it is appropriate to impose Rule 11 sanctions rests on the contents of the documents the plaintiff filed in this action; it does not depend on how many of the facts and arguments in those documents were addressed in a decision resolving the motion to dismiss.

Finally, Mr. Dunnegan has submitted a declaration explaining how he came to file this action. He admits that he originally believed that the Agreement was an effective assignment of Asfouri's rights to AFP but concluded by March of 2026 that the Agreement only assigned Asfouri's copyrights to AFP for two years. He also suggests, however, that the Agreement was void because there was fraud in its execution and because Thailand would not allow an employer to avoid its minimum wage laws. None of this explains why the complaint failed to disclose the existence of the Agreement or rescues Asfouri or Mr. Dunnegan from the imposition of sanctions based on the contents of each of the three documents.

The two purported grounds for voiding the Agreement can be quickly rejected. Neither argument is objectively reasonable, demonstrates sufficient diligence in investigating the claim, or is based on an extension of the governing law. Asfouri's

assertion that there was fraud in the execution of the Agreement rested on his assertion that he was asked to sign the Agreement on the day he arrived in Hong Kong and was told that he did not need to read it. Asfouri, 2026 WL 2269157, at *2. He asserts that, as a result, he did not read the document "word for word" before signing it. Id. at *6. This set of allegations does not allege fraud in the execution, nor does Asfouri explain how it could do so when he had been given 29 days to review the assignment clause before being asked to sign the Agreement. As for Thailand's minimum wage law, Getty has shown that Asfouri was paid in excess of that minimum wage and Mr. Dunnegan provides no calculation to suggest otherwise, much less an opinion by an expert in Thai law.

Similarly, Mr. Dunnegan's tortured argument that the Agreement only assigned the copyright to AFP for two years is objectively unreasonable. As discussed in the August 6 Opinion, this interpretation contravenes the plain language of the Agreement. Id. at *5. Mr. Dunnegan's argument also ignores the fact that the Agreement ran for at least five (not two) years unless terminated, the fact that the Agreement was never terminated, and that Asfouri worked for AFP another fifteen years.

Case 26-2776, 10/06/2026, DktEntry: 12.1, Page 43 of 55

Getty requests that Asfouri and his attorneys be held jointly liable for the attorneys' fees it incurred in defending this action. Rule 11(c) provides that "the court may impose an appropriate sanction on any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Rule 11 sanctions "are generally imposed on attorneys, not litigants." Kiobel, 592 F.3d at 87 (Cabranes, J., concurring). "The person signing, filing, submitting, or advocating a document has a nondelegable responsibility to the court, and in most situations is the person to be sanctioned for a violation." 1993 Rule 11 Advisory Committee Notes. Rule 11(c) further mandates that "[a]bsent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1).

Mr. Dunnegan asks that any Rule 11 sanctions be imposed solely on him since he gave Asfouri legal advice and was responsible for the filings at issue here. "Where the attorney fails to advise an unwary client of the wrongfulness of such conduct, the burden of sanctions should fall entirely upon the attorney." Calloway v. Marvel Ent. Grp., a Div. of Cadence Indus. Corp., 854 F.2d 1452, 1474-75 (2d Cir. 1988), rev'd in part sub nom. Pavelic & LeFlore v. Marvel Ent. Grp., 493 U.S.

120 (1989). On the other hand, where a party "misleads an attorney as to facts or the purpose of a lawsuit, but the attorney nevertheless had an objectively reasonable basis to sign the papers in question" sanctions may be imposed on the party alone. Id. at 1475.

Mr. Dunnegan's request will be granted. Rule 11 sanctions will be imposed jointly and severally on him and his law firm. There is no reason to believe that Asfouri withheld any material fact from Mr. Dunnegan. Before filing this lawsuit, Mr. Dunnegan had possession of the Agreement, knew of the legal opinion finding the Agreement was enforceable under Hong Kong law, and was aware of Asfouri's futile effort to attack the Agreement in Portugal. Getty is awarded $127,913.00 in attorneys' fees because of Mr. Dunnegan's multiple violations of Rule 11.

B. Attorneys' Fees under the Copyright Act

Under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party," and "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The Copyright Act's fee-shifting provision, 17 U.S.C. § 505, "grants courts wide latitude to award attorney's fees based on the

totality of circumstances in a case." Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197, 202-03 (2016).

"Although there is no precise rule or formula for awarding attorney's fees, the Supreme Court has identified several nonexclusive factors that guide a court's discretion." Atticus Ltd. Liab. Co. v. Dramatic Publ'g Co., 145 F.4th 257, 276 (2d Cir. 2025) (citation omitted). They are "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 & n.19 (1994)).

> The objective reasonableness of a party's arguments carries significant weight, but courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals—namely, to enrich the general public through access to creative works by encouraging and rewarding authors creations while also enabling others to build on that work.

Id. (quoting Kirtsaeng, 579 U.S. at 204).

Any award of attorney's fees must be "faithful to the purposes of the Copyright Act." Matthew Bender & Co., Inc. v. West Pub. Co., 240 F.3d 116, 121 (2d Cir. 2001) (citation omitted). "[B]ad faith in the conduct of the litigation is a valid ground for an award of fees." Id. at 125.

As the prevailing party in this action, Getty seeks an award of attorneys' fees under the Copyright Act against Asfouri. Its application is granted.

As already explained in connection with the award of Rule 11 sanctions against his counsel, Asfouri's claims in this litigation were baseless and objectively unreasonable. Asfouri had every reason to understand that AFP held the copyright in the photographs he took for AFP while it employed him. He explicitly assigned those rights to AFP in the Agreement and when he moved to AFP's China bureau did so again. Asfouri, 2026 WL 2269157, at *2. He had no reason to believe that the AFP agreements were unenforceable and his litigation against Getty was brought in bad faith.

The evidence of Asfouri's bad faith is abundant. While still employed by AFP, Asfouri surreptitiously registered copyrights for photographs taken for AFP during his employment with AFP, photographs that AFP had already licensed to Getty. He was given a legal opinion that the Agreement was enforceable under Hong Kong law, the law chosen by the Agreement to govern its terms. He then sought to void his agreements with AFP, a French company, by bringing litigation against AFP in Portugal instead of France. The Portuguese courts rejected that effort.

An award of attorneys' fees will deter Asfouri's continued litigation over these copyrights and be faithful to the purposes of the Copyright Act. Although he was paid by AFP for decades for his photographs, those photographs are no longer publicly available through Getty because of his litigation.

Asfouri's counsel largely resists the award of attorneys' fees pursuant to § 505 with the arguments which have already been discussed and rejected in connection with the motion for Rule 11 sanctions. He adds, however, that this action was not brought in bad faith. Mr. Dunnegan asserts that he was simply uncertain whether a court in this country would enforce the Agreement. In making this argument, Mr. Dunnegan suggests that AFP and Getty were also uncertain. As evidence of their uncertainty he points to three facts. The first was AFP's request in 2022, when Asfouri was assigned to its Mexico Bureau that he sign an agreement for this new assignment that also contained a clause assigning AFP the exclusive right to exploit his photographs. Asfouri, 2026 WL 2269157, at *3. The next is AFP's decision in 2023 to obtain the legal opinion about the application of Hong Kong law to the Agreement. The third was Getty's decision in 2023 to remove Asfouri's photographs from its website after Asfouri sent a "takedown notice" to Getty. None of these three actions can be fairly read as evidence of

either AFP's or Getty's uncertainty about the effect of the Agreement on Asfouri's assignment of his rights. Businesses regularly take actions to avoid and minimize the cost of litigation. Each of these actions is fully explained by that practice.

The plaintiff's claims are among the abuses that the fee-shifting provision of the Copyright Act is intended to guard against. The Copyright Act does not exist so that litigants may repeatedly bring "overaggressive assertions of copyright claims." Kirtsaeng, 579 U.S. at 209. Getty is therefore entitled to an award against Asfouri of attorneys' fees pursuant to the Copyright Act's fee-shifting provision, 17 U.S.C. § 505, in the amount of $127,913.00.[5]

II. Bond on Appeal

The defendant requests that Asfouri post a bond of $75,000 to cover the costs of defending against this lawsuit on appeal. Rule 7 of the Federal Rules of Appellate Procedure states that "[t]he district court may require an appellant to file a bond or provide other security in such form and amount as it finds necessary to ensure payment of costs on appeal in a civil case." Fed. R. App. P. 7. Rule 7, together with § 505 of the Copyright

[5] Neither the plaintiff nor his counsel contest that Getty reasonably spent this amount in attorneys' fees in litigating Asfouri's claims.

Act, permit appellate attorneys' fees to be included in a Rule 7 bond. Hines v. City of Albany, 862 F.3d 215, 220 (2d Cir. 2017). A district court, "familiar with the contours of the case appealed", has discretion to impose a bond which reflects its determination of "the likely outcome of the appeal." Adsani v. Miller, 139 F.3d 67, 79 (2d Cir. 1998).

The factors a court may consider in deciding whether to impose a bond include whether the appeal is objectively unreasonable, whether imposing a bond will impose financial hardship, and whether the appellant is a payment risk. Id. at 77-79. To demonstrate financial hardship, "[s]omething more than conclusory assurances . . . must be required of someone with no assets in the country." Id. at 76.

The imposition of a bond on appeal is appropriate. Just as Asfouri's claims were objectively unreasonable, so too will his appeal be, for all the reasons set forth above. Asfouri principally argues that the amount of the bond that Getty seeks to have him post is excessive and will deprive him of access to an appeal.

First, Asfouri argues that Getty's request for a bond of $75,000 overstates Getty's attorneys' fees on appeal since Getty should only have to submit a one-page brief on appeal if Asfouri's appeal has no merit. This argument merits little

discussion. The Court of Appeals as well as the appellee will expect any responsible attorney to file a brief that adequately addresses every significant issue raised on appeal even if those issues are frivolous.

Asfouri next argues that a bond in an amount over a nominal amount is beyond his financial ability to post.[6] He is in his 50s, lives in Spain in a family member's home, has not worked since 2023, has no current income, has lived off his savings in recent years, and has only about $11,000 in savings left.

Asfouri has apparently decided to pursue litigation rather than his chosen profession. That choice does not exempt him from the requirement that he post a bond in this case. He has already located the resources to fund litigation in Portugal against AFP. Nonetheless, due to his current financial situation and in deference to his right to have access to our courts, he will be required to post an appeal bond of $25,000 instead of the $75,000 that Getty requested.

## Conclusion

Getty's August 26 motion for attorneys' fees under Fed. R. Civ. P. 11 is granted jointly and severally in the amount of

[6] Asfouri does not argue that his financial circumstances are relevant to the determination of whether he should be required to pay Getty's attorneys' fees pursuant to § 505 of the Copyright Act.

$127,913.00 against Mr. William Dunnegan and Dunnegan & Scileppi LLC. Getty's August 26 motion for attorneys' fees against Asfouri in the amount of $127,913.00 is granted, to be imposed jointly and severally with the Rule 11 sanctions against his counsel. Finally, Getty's August 26 motion for Asfouri to post a bond on appeal is granted in the amount of $25,000. That bond must be posted no later than Tuesday, October 6, 2026.

Dated: New York, New York
September 30, 2026

DENISE COTE
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X

NICOLAS ASFOURI,

Plaintiff,

-v-

GETTY IMAGES (US), INC.,

Defendant.

---------------------------------------X

26cv632 (DLC)

ORDER

DENISE COTE, District Judge:

An Opinion of September 30, 2026, orders plaintiff Nicolas Asfouri to pay defendant Getty Images (US), Inc. ("Getty") $127,913.00 in attorneys' fees pursuant to 17 U.S.C. § 505, and Mr. William Dunnegan and Dunnegan & Scileppi LLC to pay Getty $127,913.00 in attorneys' fees pursuant to Rule 11(c), Fed. R. Civ. P. The actions of Asfouri and his attorneys during this litigation caused a single, indivisible injury to Getty. Koster v. Perales, 903 F.2d 131, 140 (2d Cir. 1990). Accordingly, for avoidance of doubt, it is hereby

ORDERED that Asfouri, Mr. William Dunnegan, and Mr. Dunnegan's law firm, Dunnegan & Scileppi LLC, are jointly and severally liable for the award of attorneys' fees in the amount

of $127,913.00. Getty is not entitled to recover more than $127,913.00.

Dated: New York, New York
October 1, 2026

DENISE COTE
United States District Judge

**Addendum B**

The district court awarded Getty $127,913.00 in attorneys' fees jointly and severally pursuant to (i) Fed. R. Civ. P. 11 (against William Dunnegan and Dunnegan & Scileppi LLC, counsel for Asfouri) and (ii) 17 U.S.C. § 505 (against Asfouri) and imposed a $25,000 bond on Asfouri, pursuant to FRAP 7. In making those rulings, did the district court err on any of the following three grounds?

(i) Did the district court abuse its discretion in finding that Getty was entitled to shift its attorneys' fees pursuant to 17 U.S.C. § 505:

(a) without considering whether an award based upon common law contract defenses served the purposes of the Copyright Act?

(b) on the ground that all of the contract law arguments that Asfouri raised in the district court and subsequently asserted on appeal – assignment only for the duration of the agreement (26-2275, Dkt. 25 at 39-48/63), fraud in the execution (26-2275, Dkt. 25 at 49-54/63), and illegality under Thailand wage and hour laws (26-2275, Dkt. 25 at 54-56/63) – were "objectively unreasonable"?

(ii) Did the district court err in awarding Getty all of its attorneys' fees in the action below against plaintiff's counsel under Fed. R. Civ. P. 11:

a. As a matter of law, based upon the original complaint, even though (i) the original complaint was not identified in the Rule 11 notice of motion, (ii) the original complaint had been withdrawn in favor of the amended complaint before any Rule 11 motion was served, and (iii) the district court never entered an order to show cause concerning the original complaint?

b. Did the district err as a matter of law in finding that the Thailand Employment Agreement needed to be disclosed in the original complaint?

c. Did the district court err as a matter of law, or alternatively abuse its discretion, in finding that Asfouri's amended complaint and/or the arguments in its memorandum of law in opposition to Getty's motion to dismiss otherwise violated Rule 11?

(iii) Did the district court abuse its discretion in imposing on Asfouri an appeal bond pursuant to FRAP 7 that was more than twice as much as Asfouri's undisputed financial net worth?